Citation Nr: 1607935 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 05-15 189 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Honolulu, Hawaii


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

M. Purdum, Counsel






INTRODUCTION

The Veteran had active service from July 1967 to September 1991. 

This matter was initially addressed by the Board of Veterans' Appeals (Board) in a September 2011 remand. At that time, the Board addressed two claims for increased rating and determined that a TDIU claim had been "reasonably raised by the record." See Rice v. Shinseki, 22 Vet. App. 447 (2009). 

The TDIU claim has been remanded several times by the Board, most recently in July 2014. The file has now been returned to the Board for further consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board, in its July 2014 remand, directed the AOJ to obtain the names and addresses of all medical care providers who treated the Veteran for hypertension, coronary artery disease, and right thumb, left fourth finger, right index finger disabilities since May 2011, including treatment recently received from Wahiawa General Hospital and Tripler VA Hospital, likely Tripler Army Medical Center. 

In a February 2015 letter, the AOJ sought from the Veteran information as to his pertinent treatment. It appears that the Veteran did not respond. The AOJ obtained the Veteran's treatment records from Tripler Army Medical Center. On remand, the Veteran should be provided a final opportunity to submit his updated treatment records, or identify the same and authorize VA to obtain them; specifically, those records from Wahiawa General Hospital. Also, in a September 2003 private treatment record, the Veteran's private physician reported that the Veteran was applying for vocational rehabilitation. It is unclear if the physician was referring to a VA vocational rehabilitation program. On remand, the AOJ should request that the Veteran report if he indeed applied to and/or was in receipt of VA vocational rehabilitation services, and if so, obtain and associate with the claims file such records. Further, the most recent VA treatment records associated with the claims file are dated in November 2015; and on remand, the AOJ should obtain and associate with the claims file the Veteran's updated VA treatment records. 

In July 2014, the Board also directed the AOJ to schedule the Veteran for an appropriate VA examination to determine the current severity of the service-connected disabilities and to obtain an opinion as to the likelihood that the Veteran's service-connected disabilities preclude him from obtaining and retaining substantially gainful employment consistent with his work and education background.

In June 2015, the AOJ sent the Veteran a letter advising him that a VA examination would be scheduled, and advised him that failing to report to such, without good cause, would result in his claim being decided on the evidence of record. An internal document indicates that a VA examination request initiated on June 25, 2015, was cancelled on July 17, 2015, as the Veteran failed to report. In August 2015, the AOJ sent the Veteran another letter advising him that a VA examination would be scheduled, and again advised him of the consequences of failing to report, without good cause, to such. An internal document indicates that a VA examination request initiated on August 25, 2015, was cancelled, and that a new VA examination request was initiated on November 13, 2015. 

The AOJ, in its November 2015 Supplemental Statement of the Case (SSOC), reported that the Veteran's August 26, 2015, VA examination was cancelled because he was hospitalized, and that he refused to be scheduled for a VA examination on November 24, 2015. No communications between the AOJ and the Veteran as to his hospitalization or refusal to be scheduled for any VA examination is of record. However, in a February 2016 Written Brief, the Veteran's representative asserted that the Veteran did not refuse examination "as the VA has it." He reported that the Veteran had trouble scheduling his examination because of the prolonged recuperation from surgery, as he was being retrained in basic walking. In a December 2015 statement, the Veteran reported the same scenario and reiterated that he did not refuse to be scheduled for a VA examination. 
Thus, despite the fact that the Veteran's claim has been remanded a number of times, the Board finds good cause for the Veteran not appearing to a VA examination, or in this case, good cause for not scheduling a VA examination, due to his medical condition; and on remand, the AOJ should attempt to afford the Veteran a final opportunity to present for VA examination. 

As to the issue of entitlement to a TDIU, there is uncertainty as to whether the Veteran left his work as a supervisor at the United States Postal Service (USPS) in 2005 due to his service-connected right thumb (dominant) trigger finger release residuals; left (non-dominant) fourth trigger finger; and status post-surgery right (dominant) index finger tenosynovitis, or his nonservice-connected back disability. 

There is no VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability, or resultant VA Form 21-4192, Request for Employment Information in Connection with Claim for Benefits, associated with the claims file. Instead, there are letters from the Veteran's supervisor, dated in May 2002, October 2003, and December 2003, as to the difficulties the Veteran had with working at the USPS. 

Of record are the Veteran's private treatment records showing that he was released to work on light duty only in 2003 and 2005. During VA treatment in November 2005, the Veteran reported that he had not worked since September 2005 due to not being able to lift more than seventy pounds due to his back condition and not being able to grab things with his hands due to his service-connected hand disabilities. In an April 2006 statement, the Veteran asserted that, due to his hand disabilities, he had only been able to work under stringent restrictions imposed by his surgeon. In an April 2006 statement, the Veteran's private physician reported that the Veteran had lost coordination, strength, endurance, and dexterity of his hand and was unable to efficiently comply with the physical demands of his job. However, the private physician, in his April 2006 statement, did not conclude that the Veteran was unemployable due to his service-connected disabilities; only that he could no longer perform his job at the USPS.

During VA treatment in September 2006, the Veteran reported that he had incurred two back surgeries and had put in for retirement, and on VA examination in September 2006, the Veteran reported that he had applied for medical retirement due to his hands and back disabilities. On VA examination in May 2012, the Veteran reported that he had retired in 2005, and that he had back problems with surgical treatment and retired as he had reached the minimum eligibility. 

Thus, on remand, the AOJ should request that the Veteran submit a VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability. The AOJ should then forward a VA Form 21-4192, Request for Employment Information in Connection with Claim for Benefits, to the Veteran's last identified employer. 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the Veteran's claims file his VA treatment records maintained by the VA Medical Center (VAMC) in Honolulu, Hawaii, dated from November 2015 to the present. Any and all responses, including negative responses, must be properly documented in the claims file. If a negative response is received from any VA facility, the Veteran must be duly notified and provided an opportunity to submit such records. 

2. Contact the Veteran and:

(a) Afford him a final opportunity to identify the treatment providers who treated him for hypertension, coronary artery disease, and right thumb, left fourth finger, right index finger disabilities since May 2011, including treatment recently received from Wahiawa General Hospital. Provide him VA Forms 21-4142, Authorization and Consent to Release Information to the VA, and advise him that he may submit his own updated private treatment records if he so chooses. If a positive response is received, obtain and associate with the claims file the Veteran's identified and authorized updated private treatment records. 

(b) Request that he report if he applied to and/or was in receipt of VA vocational rehabilitation services. If a positive response is received, obtain and associate with the claims file the Veteran's VA vocational rehabilitation folder. 

(c) Request that he submit a completed VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability. Forward a VA Form 21-4192, Request for Employment Information in Connection with Claim for Benefits, to the Veteran's last identified employer. 

As to each of the above directives, any and all responses, including negative responses, must be properly documented in the claims file. If a negative response is received from any source of records, the Veteran must be duly notified and provided an opportunity to submit such records.

3. After completion of the foregoing, schedule the Veteran for an appropriate VA examination, with an examiner other than the examiner who submitted the February 2014 VA addendum opinion if possible, to determine the current severity of the service-connected disabilities. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. 
The examiner should render an opinion, consistent with sound medical principles, as to whether, without regard to the impact of nonservice-connected disabilities or the Veteran's age, it is at least as likely as not (i.e., there is a 50 percent or greater probability) that the Veteran's service-connected disabilities- hypertension; coronary artery disease status post angioplasty and myocardial infarction associated with hypertension; right thumb (dominant) trigger finger release residuals; left (non-dominant) fourth trigger finger; and status post-surgery right (dominant) index finger tenosynovitis, either singly or taken together, preclude him from obtaining and retaining substantially gainful employment consistent with his work and education background.

In this regard, the examiner should consider the effects of any pain medication prescribed to treat his service-connected disabilities, the letters submitted by the Veteran's supervisor, dated in May 2002, October 2003, and December 2003, describing his difficulties with his work at the USPS, as well as the April 2006 statement of the Veteran's private physician indicating that the Veteran had lost coordination, strength, endurance, and dexterity of his hand and was unable to efficiently comply with the physical demands of his job.

The claims file, to include a copy of this Remand, should be made available to the examiner for review in conjunction with the examination, and the examiner should note such review. A complete rationale should be provided for all opinions given. The opinions should be based on examination findings, historical records, and medical principles. If the requested opinions cannot be provided without resorting to mere speculation, the examiner should so state but, more importantly, explain why an opinion cannot be provided without resorting to speculation, as merely stating this will not suffice. 

4. After completing all indicated development, and any additional development deemed warranted, the AOJ should readjudicate the claim of entitlement to a TDIU in light of all the evidence of record. Specifically consider referral to the Under Secretary for Benefits or to the Director of the Compensation and Pension Service, pursuant to 38 C.F.R. § 4.16(b) (2105). If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a fully responsive SSOC.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).












(Continued on the next page)
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).